UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

      v.

RASHEDA JADUSINGH,

           *Defendant*.

----------------------------------X

**MEMORANDUM & ORDER**

18-cr-257 (KAM)

**MATSUMOTO, United States District Judge**:

      On March 23, 2018, a grand jury sitting in the Eastern District of New York returned an indictment charging Rasheda Jadusingh ("Ms. Jadusingh") and two co-defendants with conspiracy to import cocaine and conspiracy to possess cocaine with intent to distribute.[1]  Jury selection and trial on the indictment are scheduled to begin on February 3, 2020.  The Government filed several motions *in limine* in advance of trial.  Ms. Jadusingh has not filed any pre-trial motions.  For the reasons set forth below, the Government's motions are granted in part and denied in part.

### Standard of Review

      "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*."  *Highland Capital Mgmt., LP. v. Schneider*, 551 F. Supp.

---

[1] Both of Ms. Jadusingh's co-defendants – Damien Folkes and Tassana Guthrie – have pleaded guilty in this action.

1

2d 173, 176-77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted). The trial court should only exclude evidence when it is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001), and the ruling remains "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer," *Luce*, 469 U.S. at 41.

The Federal Rules of Evidence provide the framework for determining the admissibility of evidence. "As a general matter, all relevant evidence is admissible . . . unless specifically excluded." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). "[E]vidence is 'relevant' if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010). (quoting Fed. R. Evid. 401). Relevant evidence may be excluded "if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice,'" *United States v. Bourne*, No. 08-CR-888(NGG), 2011 WL 4458846, at *12 (E.D.N.Y.

2

Sept. 23, 2011); Fed. R. Evid. 403, and irrelevant evidence is never admissible, Fed. R. Evid. 402.

**Discussion**

The Government moves *in limine* to (1) preclude Ms. Jadusingh from introducing what it characterizes as her own self-serving and false exculpatory statements; (2) preclude Ms. Jadusingh from mentioning at trial, during jury addresses, cross-examination, or otherwise, any consequences she may face upon conviction, whether immigration or penal; and (3) admit evidence of Ms. Jadusingh's prior attempt to export cocaine from Jamaica as "other acts" evidence under Federal Rule of Evidence ("FRE") 404(b). (ECF No. 79, Government's Motions *in Limine* ("Gov't Br.").) For the reasons set forth below, the Court grants the Government's motions to preclude Ms. Jadusingh from introducing her own self-serving statements or discussing the potential consequences of her conviction, but the Court denies the Government's motion to admit evidence of Ms. Jadusingh's prior attempt to export cocaine from Jamaica under FRE 404(b).

### I. Motion to Preclude Ms. Jadusingh's "Self-Serving and False Exculpatory" Statements

The Government first asks the Court to "preclude [Ms. Jadusingh] from introducing, through an opening statement, cross-examination or otherwise, any of [her] self-serving post-arrest statements because they are inadmissible hearsay and are

3

not needed to provide context or a 'fair and impartial understanding' of any statement the government may offer." (Gov't Br. at 7.) Ms. Jadusingh "ha[s] no objections to the [G]overnment's motion seeking to preclude statements made by [her] that the [G]overnment describes as self-serving and false." (ECF No. 130, Defendant's Response to Government's Motions *in Limine* ("Def. Br."), at 1.) The Court grants the Government's motion.

The Federal Rules of Evidence generally exclude as hearsay any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("In general, hearsay statements are not admissible at trial." (citing Fed. R. Evid. 802)). Thus, a criminal defendant's out-of-court statements, like Ms. Jadusingh's post-arrest statements, are not admissible unless permitted by "a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the [United States] Supreme Court." Fed. R. Evid. 801(c), 802.

"The rule against hearsay would not bar *the [G]overnment* from introducing [Ms. Jadusingh's] statements because '[a] statement . . . offered against an opposing party and . . . [that] was made by the party' is not hearsay." *United*

4

*States v. Cooper*, No. 19-CR-159 (ARR), 2019 WL 5394622, at *6 (E.D.N.Y. Oct. 22, 2019) (citing Fed. R. Evid. 801(d)(2)(A) (emphasis added)); *see also Marin*, 669 F.2d at 84. It would, however, bar Ms. Jadusingh from introducing *her own* post-arrest statements to prove the truth of the matter(s) asserted. *Cooper*, 2019 WL 5394622, at *6 ("[T]he rule against hearsay would bar [the defendant] from introducing his own out-of-court statements offered to prove the truth of the matter asserted."); *Marin*, 669 F.2d at 84 ("When [a criminal] defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). Ms. Jadusingh would, consequently, not be entitled to admit her own post-arrest statements by operation of the rule against hearsay.

Because the Government plans to introduce only part of Ms. Jadusingh's post-arrest statements, however, she could theoretically seek admission of certain post-arrest statements pursuant to the "doctrine of completeness." This doctrine permits the introduction of hearsay where doing so "is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact," *Marin*, 669 F.2d at 84; *see also* Fed. R. Evid. 106; *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019), *cert. denied*, No. 19-594, 2019 WL 6689707 (U.S. Dec. 9, 2019) ("[T]he rule of completeness 'is violated only where admission of the statement in redacted form distorts its

5

meaning or excludes information substantially exculpatory of the declarant.'" (quoting *United States v. Benitez*, 920 F.2d 1080, 1086-87 (2d Cir. 1990))), with the goal of "ensur[ing] a 'fair and impartial understanding' of the admitted portion," *Marin*, 669 F.2d at 84 (quoting *United States v. Capaldo*, 402 F.2d 821, 824 (2d Cir. 1968)).

In its submission, the Government represents that Ms. Jadusingh's self-serving post-arrest statements are "not needed to provide context or a 'fair and impartial understanding' of any statement the government may offer," rendering them beyond the scope of the doctrine of completeness. (Gov't Br. at 7.) Ms. Jadusingh does not contest the Government's assertion, nor does she offer an alternative evidentiary basis for the admission of the challenged statements or oppose the Government's motion at all. In light of the foregoing, the Court grants the Government's motion to preclude Ms. Jadusingh from introducing any of her self-serving post-arrest statements.[2]

## II. Motion to Preclude Discussion of the Potential Consequences of Ms. Jadusingh's Conviction

The Government also moves to preclude any discussion of the possible punishments or collateral consequences of Ms.

---

[2] The Court is cognizant that whether any statements are admissible under the doctrine of completeness will likely become clearer as the Government specifies which portions of the post-arrest statements it intends to proffer at trial. It is because of such uncertainty that the Court's ruling remains subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

6

Jadusingh's conviction as irrelevant to any fact that is of consequence to the determination of this action. (Gov't Br. at 8.) Ms. Jadusingh "do[es] not object to the [G]overnment's motion that seeks to preclude [her] from addressing immigration or penal sanctions that [she] may face" upon conviction. (Def. Br. at 1.) The Court grants the Government's motion.

The Federal Rules of Evidence prohibit the admission of irrelevant evidence. Fed. R. Evid. 402. "Information regarding the consequences of a verdict is . . . irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994); *see also United States v. Blume*, 967 F.2d 45, 49 (2d Cir. 1992) ("Federal courts usually instruct juries not to consider a verdict's consequences."). Admitting such evidence only serves to prejudice, distract, or confuse the jury. *Shannon*, 512 U.S. at 579 ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."); *United States v. Watts*, 934 F. Supp. 2d 451, 464 (E.D.N.Y. 2013) ("[I]t is well-established precedent that jurors should not be informed about the possible consequences of their verdict due to the likelihood that prejudice, unfairness, and confusion that would result.").

Accordingly, the Court grants the Government's motion to preclude Ms. Jadusingh from discussing any potential punishment resulting from, or collateral consequences of, her conviction.  *See, e.g.*, *United States v. Lights*, No. 15-CR-721, 2016 WL 7098633, at *3 (S.D.N.Y. Dec. 5, 2016) (granting motion to preclude defendant from presenting evidence concerning a mandatory minimum sentence); *United States v. Scali*, No. 16-CR-466 (NSR), 2018 WL 461441, at *9 (S.D.N.Y. Jan. 18, 2018) (granting motion to preclude defendant from presenting evidence of potential punishment during trial); *Watts*, 934 F. Supp. 2d at 464 (same).

### III. Motion to Admit Evidence of Ms. Jadusingh's Prior Attempt to Export Cocaine from Jamaica Under FRE 404(b)

The Government last moves *in limine* to admit evidence of Ms. Jadusingh's prior attempt to export cocaine from Jamaica pursuant to FRE 404(b).  (Gov't Br. at 10.)  According to the Government's proffer, in 2000, Ms. Jadusingh swallowed balloons filled with cocaine in an attempt to conceal them for smuggling, but was hospitalized and arrested by law enforcement before effecting the attempt.  (*Id.*)  This attempt, the Government says, is admissible under FRE 404(b) as evidence of Ms. Jadusingh's knowledge, intent, and absence of mistake in engaging in the charged conspiracy.  (*Id.* at 11.)  Ms. Jadusingh

objects to the admissibility of this evidence.³  (Def. Br. at 1.)
The Court preliminarily denied this motion, without prejudice,
at a March 12, 2019 status conference, and reiterates its
reasoning for that denial here.

"Evidence of prior criminal conduct is admissible
under Federal Rules of Evidence 404(b) and 403 if it is relevant
to an issue at trial other than the defendant's character, and
if its probative value is not substantially outweighed by the
risk of unfair prejudice."  *United States v. Livoti*, 196 F.3d
322, 326 (2d Cir. 1999).  Ms. Jadusingh's prior attempt to
export cocaine from Jamaica fails to meet this standard.

As an initial matter, the Court is skeptical of the
relevance of Ms. Jadusingh's prior exportation attempt to her
knowledge or intent in committing the crimes charged in the
instant indictment.  "To satisfy the relevance inquiry, the
[other acts evidence the Government seeks to admit] must be
'sufficiently similar to the conduct at issue to permit the jury
reasonably to draw from that act the [state of mind] inference
advocated by the proponent of the evidence.'"  *United States v.
Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (*United States v.*

---

³ Ms. Jadusingh's position on this motion *in limine* appears to have changed
over time.  In a March 11, 2019 letter to the Court submitted *ex parte* and
filed under seal, Ms. Jadusingh indicated that she decided not to object to
the Government's motion to admit evidence of her prior attempt to export
cocaine from Jamaica.  (ECF No. 98, Defendant's *Ex Parte* Letter to the
Court.)  In her most recent filing, however, Ms. Jadusingh states that she
"continue[s] to object to any evidence pertaining to Ms. Jadusingh's Jamaican
arrest."  (Def. Br. at 1.)

9

*Peterson*, 808 F.2d 969, 974 (2d Cir. 1987)). The facts of Ms. Jadusingh's prior attempt differ starkly from those of the instant action. In 2000, Ms. Jadusingh alleges that she only agreed to traffic in drugs after being subjected to violence and threats. Moreover, her role there was to ingest the drugs and to carry them into the United Kingdom herself. Here, by contrast, Ms. Jadusingh is not alleged to have carried drugs herself at all, but instead is alleged to have picked up her co-defendant, Tassana Guthrie ("Ms. Guthrie"), from John F. Kennedy International Airport in Queens, New York, with the knowledge that Ms. Guthrie was in possession of drugs. Ms. Jadusingh's 19-year old attempt to export cocaine, under very different circumstances, bears at most a tenuous connection to her knowledge and intent in engaging in the charged conspiracy.

Furthermore, the Court finds that this evidence is substantially more prejudicial than probative and should therefore be excluded under FRE 403. As noted above, the contrast between Ms. Jadusingh's prior attempt and the instant action renders her prior attempt to be of only limited probative value in this action. *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (explaining that the evidence's probative value "depends largely on whether or not there is a close parallel between the crime charged and the acts shown"). On the other hand, this evidence would be very prejudicial to Ms.

10

Jadusingh, and in particular to any defense of lack of knowledge or intent.  Moreover, given the distinct circumstances surrounding Ms. Jadusingh's intent and knowledge in attempting to export drugs from Jamaica in 2000, admitting evidence of her prior attempt runs the risk of confusing the jury and leading to a mini-trial on how and why Ms. Jadusingh became involved in *that* attempt in the first place.  *See, e.g.*, *United States v. Ulbricht*, 79 F. Supp. 3d 466, 492–93 (S.D.N.Y. 2015) (precluding evidence where allowing it would lead to a mini-trial on collateral issues); *United States v. Graziano*, 558 F. Supp. 2d 304, 324 (E.D.N.Y. 2008) (precluding evidence where it "would lead to a 'mini-trial' concerning . . . the defendant's knowledge and/or involvement with respect to any such activities"); *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006) (upholding preclusion of cross-examination necessitating "mini-trial").

In light of the foregoing, the Court denies the Government's motion to admit evidence of Ms. Jadusingh's prior attempt to export cocaine from Jamaica.  But, as noted above, this ruling remains subject to change as the evidence unfolds at trial.  *Luce*, 469 U.S. at 41.  Ms. Jadusingh should be mindful of the risk of opening the door to any discussion of her prior exportation attempt at trial.

## Conclusion

For the reasons set forth above, the Government's motion to preclude Ms. Jadusingh from introducing her own self-serving and false exculpatory statements is GRANTED; the Government's motion to preclude Ms. Jadusingh from discussing any consequences she may face upon conviction, whether immigration or penal, is GRANTED; and the Government's motion to admit evidence of Ms. Jadusingh's prior attempt to export cocaine from Jamaica under FRE 404(b) is DENIED.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 14, 2020

/s/
Hon. Kiyo A. Matsumoto
United States District Judge